IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ERNEST JOHN YOUNG,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>ELVIS A. PRESLEY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SERVICE OF PROCESS AND MOTION TO APPOINT COUNSEL<br><br><br><br>Case No. 2:08-CV-281 TS |

Plaintiff Ernest John Young has filed a *pro se* Complaint with the Clerk of Court.[1]  His

Motion for Leave to Proceed *in forma pauperis* has been granted.[2]  Plaintiff has also filed a

Motion for Service of Process and Motion to Appoint Counsel.[3]  The Court has completed the

screening process set forth under 28 U.S.C. § 1915.  Having reviewed the pleadings in the file

and being otherwise fully informed, the Court will dismiss the Complaint and deny both motions

as moot.

---

[1]Docket No. 3.

[2]Docket No. 2.

[3]Docket Nos. 9 and 10, respectively.

I.      Background

Plaintiff Ernest John Young brought suit against several parties, including Elvis Presley,

Lisa Marie Presley, Patricia Lantern, Janet Moffit, and Gary Stott.  In his Complaint, Plaintiff

states that Patricia Lantern is a physician at the University of Utah hospital, Janet Moffit is a

"judge/commissioner at Industrial Commission of Utah" and Gary Stott is a Utah state court

judge.

Plaintiff claims jurisdiction under 42 U.S.C. 1985, seeking redress for an alleged

kidnapping by Lisa Marie Presley and Dr. Lantern.  He also states that he is seeking relief under

28 U.S.C. § 2254.

II.     Discussion

Under § 1915(e)(2)(B), the Court may dismiss Plaintiff's Complaint if it is frivolous or

malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief.[4]

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level

of the irrational or the wholly incredible, whether or not there are judicially noticeable facts to

contradict them."[5]  "A pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers."[6]  This means "that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

---

[4]28 U.S.C. § 1915(e)(2)(B).

[5]*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[6]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7]  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[8]  With these standards in mind, the Court will attempt to address the causes of action set out in Plaintiff's Complaint.

      A.     Attempted Kidnapping

Plaintiff alleges that he is the first-born son of Elvis Presley, a famous, now-deceased entertainer.  Plaintiff alleges that there is a grave at Graceland, a property that once belonged to Elvis Presley and currently serves as a museum, that bears Plaintiff's name, but that the person buried there was murdered in a scheme to fake Plaintiff's death.  He asserts that he and his family has been subjected to "libel, slander, defamation, incarceration, murder, attempted murder, kidnapping, rape and extortion under psychological evaluation . . . ."  He also asserts that he is the biological father of triplets that were kidnapped by helicopter by Lisa Marie Presley from the University of Utah hospital.

The Court finds that Plaintiff's Complaint with respect to the kidnapping and alleged murder is frivolous and based on fanciful factual allegations.  The Court finds the factual allegations asserted describe fantastic and delusional scenarios, rising "to the level of the irrational or wholly incredible."[9]

---

[7]*Id.*

[8]*Id*.

[9]*Denton*, 504 U.S. at 33.

B.     Habeas Corpus Relief under 28 U.S.C. § 2254

28 U.S.C. § 2254(a) states: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[10]  The statute goes on to state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Plaintiff states that he is seeking relief under 28 U.S.C. § 2254.  However, he makes only bald statements that he seeks habeas corpus relief.  While Plaintiff is currently incarcerated, he offers no facts that would support a finding that his constitutional rights have been violated by his incarceration.  Rather, as previously stated, his Complaint centers on his purported heritage and the kidnapping.  Thus, the Court finds that his § 2254 claim fails as a matter of law.

III.    Conclusion

For the reasons discussed above, Plaintiff's Complaint is dismissed under 28 § 1915(e)(2)(B).  Therefore, Plaintiff's Motion for Service of Process (Docket No. 9) and Motion to Appoint Counsel (Docket No. 10) are DENIED AS MOOT.  The Clerk of Court is ordered to close this case forthwith.

---

[10]28 U.S.C. § 2254(a) (emphasis added).

DATED   July 14, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge